UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

**3:57 pm, Jun 23, 2021**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.   1:21-cr-0176-TWP-DML |
| JESSE DAVON HOLLOWAY, | ) ) | |
| Defendant. | ) ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Nicholas J. Linder, Assistant United States Attorney, and the Defendant, JESSE DAVON HOLLOWAY, in person and by counsel, Matthew Edward Kroes, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### GUILTY PLEA AND CHARGES

1.     **Plea of Guilty to the Information:** The Defendant, having waived the right to indictment by a grand jury, petitions the Court for leave to enter, and agrees to enter, a plea of guilty to the Information, which charges the Defendant with:

a.      Count 1: Theft of Medical Products, in violation of 18 U.S.C. § 670(a)(1), (b)(1) & (c)(3); and

b.      Count 2: Simple Possession of a Controlled Substances in violation of 21 U.S.C. § 844(a).

2.     **Potential Maximum Penalties:** The Defendant understands and agrees that the offenses to which the Defendant is pleading guilty carry the following maximum penalties:

a.    Count 1 (a felony): up to five (5) years of imprisonment; a $250,000 fine; and three (3) years of supervised release following any term of imprisonment.

b.    Count 2 (a Class A misdemeanor): up to one (1) year of imprisonment; a fine of not less than $1,000, up to $100,000; and one (1) year of supervised release following any term of imprisonment.

3.    **Elements of the Offenses:** To sustain a conviction for the offenses to which the Defendant is pleading guilty, the government would need to prove each of the following elements beyond a reasonable doubt:

a.    Count 1

FIRST:    The Defendant embezzled, stole, or by fraud or deception obtained, or knowingly and unlawfully took, carried away, or concealed a pre-retail medical product, that is, promethazine with codeine syrup stored at the CVS Health Indianapolis Distribution Center;

SECOND:    The Defendant did so using any means or facility of interstate commerce; and

THIRD:    The Defendant was employed by, or is an agent of, an organization in the supply chain for the pre-retail medical product.

b.    Count 2

FIRST:    The Defendant knowingly possessed promethazine with codeine syrup, a Schedule V controlled substance; and

SECOND:    The Defendant knew the substance was some kind of controlled substance.

## GENERAL PROVISIONS

4.    **Sentencing Court's Discretion Within Statutory Range:** The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in

determining the appropriate sentence within the statutory range; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; (G) once he pleads "Guilty," the Court may impose the same punishment as if the Defendant had pleaded "Not Guilty," had stood trial, and been convicted by a jury.

5.     **Sentencing Court Not Bound by Guidelines or Recommendations:**     The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6.     **Plea Agreement Based on Information Presently Known:**     The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant for the conduct described in the Information based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7.    **No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

8.    **No Limitation on Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

9.    **Good Behavior Requirement:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws. Additionally, the Defendant agrees to fully comply with all conditions of release during any and all stages of this case, should such conditions be imposed by the Court. If the Defendant violates any state or federal law, or fails to fully comply with conditions of release, then the Government may at its sole discretion withdraw from this Plea Agreement.

10.    **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that he has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel – and

4

if necessary have the court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees him the right to be considered for release until trial[1]; and if he is found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

## SENTENCE OF IMPRISONMENT

11.    **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

a.    **Government's Recommendation:** The Government has agreed to recommend a term of imprisonment within the applicable advisory Guidelines range, as calculated by the Court, *provided that* the Defendant (a) continues to fully accept responsibility for the offense and does not falsely deny or frivolously contest relevant conduct that the Court determines to be true, (b) does not commit a new criminal offense before the date of sentencing, and (c) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

b.    **Defendant's Recommendation:** The Defendant is free to ask for any sentence, including one below the advisory Guidelines range.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

12. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

## MONETARY PROVISIONS AND FORFEITURE

13. **Mandatory Special Assessment:** The Defendant will pay a total of $125 on or before the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14. **Fine:** The Defendant understands that the amount and payment terms of any fine shall be determined by the Court. The Defendant further understands that the minimum amount of any fine for his conviction of Count 2, in violation of 21 U.S.C. §844(a), is $1,000, up to a maximum of $100,000.

15. **Restitution:**

a. The Defendant understands and agrees pursuant to 18 U.S.C. § 3663(a)(3) to pay restitution to CVS Health in the amount of $15,291.36.

b. The Defendant further understands and agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

16. **Obligation to Pay Financial Component of Sentence:** If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the

Defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The Defendant has a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

17.   **Forfeiture:**

a.   The Defendant admits that the property listed in Appendix A to this Plea Agreement constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offenses to which the Defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The Defendant abandons all right, title, and interest the Defendant may have in such property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of such property, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees

not to contest any use or destruction of any of such property by any federal, state, or local law enforcement agency. The Defendant further consents to any order forfeiture being part of the judgment in this cause, regardless of whether such forfeiture is criminal or civil in nature, and that any motions and orders of forfeiture may be filed in this cause.

b.      The Defendant consents to the entry of orders of forfeiture for such property and waives any requirements regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, including those under Fed. R. Crim. P. 32.2 and 43(a). The Defendant agrees not to oppose, and/or to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Information filed in this case. The Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney. The Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

c.      The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

d.      If any of the property listed in Appendix A is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law

enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. The Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. The Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## FACTUAL BASIS FOR GUILTY PLEA

18.     The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

a.     CVS Health is a healthcare company that, among other things, owns CVS Pharmacy, a nationwide retail pharmacy chain. CVS Pharmacy is authorized to and does dispense controlled substances, including promethazine with codeine syrup, a Schedule V

Controlled Substance. Promethazine with codeine syrup is a "medical product" as that term is defined in Title 18, United States Code, Section 670.

b. CVS Health or its subsidiary owns and operates the CVS Pharmacy Indianapolis Distribution Center, located in Indianapolis, Indiana, which is in the Southern District of Indiana. The CVS Indianapolis Distribution Center is a warehouse and distribution center that receives, stores, and distributes, among other things, controlled substances, including promethazine with codeine syrup, to CVS retail stores in multiple states in the Midwest, including Indiana, Ohio, Wisconsin, Illinois, and Kentucky. Accordingly, the CVS Indianapolis Distribution Center is part of the "supply chain" for pre-retail medical products, as that term is defined in Title 18, United States Code, Section 670, including promethazine with codeine syrup.

c. JESSE DAVON HOLLOWAY, the Defendant herein, was employed by CVS Health, or a subsidiary thereof, at the CVS Pharmacy Indianapolis Distribution Center as a supervisor of the secure pharmacy section. HOLLOWAY had been so employed between approximately January 2020 and February 3, 2021.

d. On February 3, 2021, staff at the CVS Pharmacy Indianapolis Distribution Center discovered an inventory discrepancy regarding promethazine with codeine syrup. As a supervisor, HOLLOWAY was made aware of the discrepancy. Shortly thereafter, still during the workday, HOLLOWAY left the facility and never returned. CVS Health contacted the Drug Enforcement Administration, which commenced an investigation.

e. The government's evidence that showed that on at least six dates between at least November 22, 2020 through January 31, 2021, including on or about January 31, 2021, HOLLOWAY, without authorization, used his assigned access credentials to gain access to the secure pharmacy area at the CVS Pharmacy Indianapolis Distribution Center

for the purpose of stealing promethazine with codeine syrup. Data from CVS's secure access system and surveillance video footage from the CVS Pharmacy Indianapolis Distribution Center show that HOLLOWAY entered the secure pharmacy area, removed multiple cases of promethazine with codeine syrup, and transported them through the facility and into his vehicles for removal from the facility. One of those vehicles was a 2021 Kia K5 GT Line sedan, VIN 5XXG64J28MG046166, with Indiana license plate "ARIESJ".

f.    In total, HOLLOWAY stole approximately 259 cases of promethazine with codeine syrup from the CVS Pharmacy Indianapolis Distribution Center, which totaled 1,554 16oz bottles. The total value of these products to CVS Health was CVS Pharmacy Indianapolis Distribution Center $15,291.36.

g.    HOLLOWAY stole the promethazine with codeine syrup for the purpose of selling it in exchange for cash. HOLLOWAY purchased a vehicle with the cash proceeds of the offense, which he traded in for the 2021 Kia K5 GT Line sedan.

h.    On February 25, 2021, HOLLOWAY was arrested in New Mexico while traveling in his vehicle westbound on the interstate. On his person and in his vehicle, the aforementioned 2021 Kia K5 GT Line sedan, investigators found, among other things, $81,640 in U.S. Currency, clothing and jewelry matching that seen in CVS surveillance video footage, a box of promethazine with codeine syrup and five bottles of promethazine with codeine syrup, a Ruger-57 .57 caliber handgun, S/N 641-80836, a Glock 27 .40 caliber handgun, S/N BMLD776, and magazines and ammunition for both firearms.

## SENTENCING GUIDELINE STIPULATIONS

19. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History, Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

### Count 1:  Theft of Medical Products

20. **Base Offense Level:** The parties stipulate that pursuant to U.S.S.G. § 2B1.1(a)(2) the base offense level is 6.

21. **Loss.** The parties stipulate that the loss caused by the offense was $15,291.36 Accordingly, pursuant to U.S.S.G. § 2B1.1(b)(1)(C), the offense level is increased by 4 levels.

22. **Section 670 and Employee.** The parties stipulate that the offense involved conduct described in 18 U.S.C. § 670 and the Defendant was employed by an organization in the supply chain for the pre-retail medical product. Accordingly, pursuant to U.S.S.G. § 2B1.1(b)(8)(B), the offense level is increased by 4 levels.

### Count 2: Simple Possession of a Controlled Substance

23. **Base Offense Level:** The parties stipulate that pursuant to U.S.S.G. § 2D2.1(a)(3) the base offense level is 4.

### Adjusted Offense Level (before any acceptance of responsibility)

24. The parties stipulate that pursuant to U.S.S.G. § 3D1.4 the total offense level is 14.

## Acceptance of Responsibility

25.    To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing, including that the Defendant shall not falsely deny or frivolously contest relevant conduct that the Court determines to be true.

## Final Offense Level

26.    The parties stipulate that, following a reduction for acceptance of responsibility, the final offense level is 12.

## WAIVER OF RIGHT TO APPEAL

27.    **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

13

28.     **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

a.      **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

b.      **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offenses and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c.      **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the Defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the Defendant waives any right to file more than one motion on that basis. This waiver also

14

bars an appeal from the District Court's decision regarding that motion. The Government further reserves the right to oppose any motion for compassionate release on any other grounds.

29.    **No Appeal of Supervised Release Term and Conditions**: The Defendant waives the right to appeal the length and conditions of any term of supervised release.

## IMMIGRATION CONSEQUENCES

30.    The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty. The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

## PRESENTENCE INVESTIGATION REPORT

31.    The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

32.    The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## STATEMENT OF THE DEFENDANT

33.    By signing this document, the Defendant acknowledges the following:

a.    I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

b.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.    I have read the entire Plea Agreement and discussed it with my attorney.

d.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I hope to receive probation, but am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will

16

address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.      I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

i.      I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k.      My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

17

I.       If this matter is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## CERTIFICATE OF COUNSEL

34.     By signing this document, the counsel for the Defendant certifies as follows:

a.       I have read and fully explained to the Defendant all the accusations against him which are set forth in the Information in this case;

b.       To the best of my knowledge and belief, each statement set forth in the foregoing Petition to Enter Plea of Guilty and Plea Agreement is in all respects accurate and true;

c.       The Defendant's plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant; and I concur in the Defendant pleading "Guilty," as set forth in this Petition to Enter Plea of Guilty and Plea Agreement;

d.       In my opinion, the Defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

18

e.      In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

**FINAL PROVISION**

35.    **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document and the addendum to this document, to induce the Defendant to plead guilty. This document and the addendum constitute the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement. supersedes all prior understandings. if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

6/22/2021
DATE

Nicholas J. Linder
Assistant United States Attorney

6/22/21
DATE

Cindy J. Cho
Criminal Chief

6/21/21
DATE

JESSE DAVON HOLLOWAY
Defendant

6/21/21
DATE

Matthew Edward Kroes
Attorney for the Defendant

20

## Appendix A

| No. | Description |
|-----|-------------|
| 1 | $81,640 in U.S. Currency |
| 2 | 2021 Kia K5 GT Line sedan, VIN 5XXG64J28MG046166, with Indiana license plate "ARIESJ" |
| 3 | Five (5) bottles of promethazine with codeine syrup |
| 4 | Ruger-57 .57 caliber handgun, S/N 641-80836, and two (2) Ruger handgun magazines |
| 5 | Glock 27 .40 caliber handgun, S/N BMLD776, and one (1) Glock .40 caliber magazine |
| 6 | Ammunition: <br> Fifty (50) rounds of .40 caliber Federal brand S&W ammunition <br> Seven (7) rounds of .40 caliber S&W ball ammunition <br> Thirty (30) rounds of 5.7 x 28mm ammunition <br> One (1) spent shell casing 5.7 x 28 ammunition <br> Nine (9) FN 5.7 x 28 mm ammunition rounds |
| 7 | Pills: <br> Pill bottle (and contents) for amphetamine salts in name of "Lamar Ball" <br> Pill bottle (and contents) for Truvada <br> Pill bottle (and contents) for Amoxicillin <br> One (1) pill bottle labeled "Diazepam 2mg", which contained Diazepam tablets (84.8g) <br> Green pills labeled "Mylan 477" (29.1g) <br> Light orange/peach in color pills labeled "N955" (30.0g) <br> White pills labeled "U36" (29.5g) |